UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELLEN BRODSKY, Individually and On
Behalf of All Others Similarly Situated,

                    Plaintiff,

      vs.

VIRGIN MOBILE USA, INC., DANIEL H.
SCHULMAN, JOHN D. FEEHAN, JR.,
LEHMAN BROTHERS, MERRILL LYNCH
& CO. and BEAR, STEARNS & CO., INC.,

                  Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

JUDGE GRIESA

07   CV   10589

CLASS ACTION COMPLAINT
FOR VIOLATIONS OF
FEDERAL SECURITIES LAWS



RECEIVED
NOV 2 6 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff makes the following allegations, except as to allegations specifically pertaining to Plaintiff and Plaintiff's counsel, based upon the investigation undertaken by Plaintiff's counsel, which investigation included analysis of publicly available news articles and reports, public filings, securities analysts' reports and advisories about Virgin Mobile USA, Inc. ("Virgin Mobile" or the "Company"), press releases and other public statements issued by the Company, and media reports about the Company, and believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

### NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased the common stock of Virgin Mobile pursuant and/or traceable to the Company's initial public offering on or about October 12, 2007 through November 15, 2007, seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act"). This action concerns the initial public offering of Virgin Mobile common stock which took place on or about October 12, 2007 (the "IPO" or the "Offering").

### JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act [15 U.S.C. §§77k, 77l(a)(2) and 77o].

3.      This Court has jurisdiction of this action pursuant to Section 22 of the Securities Act [15 U.S.C. §77v] and 28 U.S.C. §1331.

4.      Venue is properly laid in this District pursuant to Section 22 of the Securities Act and 28 U.S.C. §1391(b) and (c). The acts and conduct complained of herein occurred in substantial part in this District and the IPO was marketed in this District.

5.    In connection with the acts and conduct alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including the mails and telephonic communications and the facilities of the New York Stock Exchange ("NYSE").

**PARTIES**

6.    Plaintiff Ellen Brodsky purchased Virgin Mobile common stock, as set forth in the certification attached hereto and incorporated herein by reference, pursuant and/or traceable to the Company's IPO, and was damaged thereby.

7.    Defendant Virgin Mobile provides wireless communications services, offering prepaid services to the youth market in the United States.

8.    (a)    Defendant Daniel H. Schulman ("Schulman") was, at all relevant times, Chief Executive Officer and Director of Virgin Mobile.  Schulman signed the Registration Statement.

(b)    Defendant John D. Feehan, Jr. ("Feehan") was, at all relevant times, Chief Financial Officer and Vice President of Virgin Mobile.  Feehan signed the Registration Statement.

(c)    Defendants Schulman and Feehan are collectively referred to herein as the "Individual Defendants."

9.    By reason of their management positions and their ability to make public statements in the name of Virgin Mobile, the Individual Defendants were and are controlling persons, and had the power and influence to cause (and did cause) Virgin Mobile to engage in the conduct complained of herein.

10.    Defendants Lehman Brothers, Merrill Lynch & Co., and Bear Stearns & Co., Inc. served as the lead underwriters for the IPO (the "Underwriter Defendants").  The Underwriter Defendants maintain their principal executive offices in this District.  The Underwriter Defendants failed to perform adequate due diligence in connection with their roles as underwriters for the IPO

and were negligent in failing to ensure that the Registration Statement and Prospectus were prepared
properly and accurately.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

11.    Plaintiff brings this action as a class action pursuant to Federal Rules of Civil
Procedure 23(a) and 23(b)(3) on behalf of herself and all persons other than defendants who
purchased the common stock of Virgin Mobile pursuant and/or traceable to the Company's IPO.
Excluded from the Class are defendants herein, members of the immediate family of each of the
defendants, any person, firm, trust, corporation, officer, director or other individual or entity in
which any defendant has a controlling interest or which is related to or affiliated with any of the
defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of
any such excluded party.

12.    The members of the Class are so numerous that joinder of all members is
impracticable.  Virgin Mobile sold at least 27.5 million shares of common stock in the IPO.  The
precise number of Class members is unknown to plaintiff at this time but is believed to be in the
thousands.  In addition, the names and addresses of the Class members can be ascertained from the
books and records of Virgin Mobile or its transfer agent or the underwriters to the IPO.  Notice can
be provided to such record owners by a combination of published notice and first-class mail, using
techniques and a form of notice similar to those customarily used in class actions arising under the
federal securities laws.

13.    Plaintiff will fairly and adequately represent and protect the interests of the members
of the Class. Plaintiff has retained competent counsel experienced in class action litigation under the
federal securities laws to further ensure such protection and intends to prosecute this action
vigorously.

14.    Plaintiff's claims are typical of the claims of the other members of the Class because plaintiff's and all the class members' damages arise from and were caused by the same false and misleading representations and omissions made by or chargeable to defendants. Plaintiff does not have any interests antagonistic to, or in conflict with, the Class.

15.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the class members to seek redress for the wrongful conduct alleged. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

16.    Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

(a)    Whether the federal securities laws were violated by defendants' acts as alleged herein;

(b)    Whether the prospectus and registration statement issued by defendants to the investing public in connection with the IPO negligently omitted and/or misrepresented material facts about Virgin Mobile and its business; and

(c)    The extent of injuries sustained by members of the Class and the appropriate measure of damages.

## SUBSTANTIVE ALLEGATIONS

17.    Defendant Virgin Mobile provides wireless communications services, offering prepaid services to the youth market in the United States. A substantial portion of the Company's equity interests are owned by Sprint Nextel and the Virgin Group.

18.    On or about October 10, 2007, Virgin Mobile filed a Form S-1/A Registration Statement (the "Registration Statement") with the SEC for the IPO.

19.    On or about October 11, 2007, the Prospectus (the "Prospectus") with respect to the IPO, which forms part of the Registration Statement, became effective and, including the exercise of the over-allotment, more than 27.5 million shares of Virgin Mobile's common stock were sold to the public for $15 per share, thereby raising more than $412 million.

20.    The Registration Statement and Prospectus contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading and was not prepared in accordance with the rules and regulations governing its preparation.

21.    The Registration Statement described the Company's operations in a highly positive manner stating in pertinent part as follows:

> We are a leading national provider of wireless communications services, offering prepaid, or pay-as-you-go, services targeted at the youth market. Our customers are attracted to our products and services because of our flexible monthly terms, easy to understand pricing structures, stylish handsets offered at affordable prices and relevant mobile data and entertainment content. We believe that the appeal of our brand and products and services extends beyond our target audience and estimate that approximately half of our current customers are ages 35 and over. We offer our products and services on a flat per-minute basis and on a monthly basis for specified quantities, or buckets, of minutes purchased in advance—in each case without requiring our customers to enter into long-term contracts or commitments.

22.    The Registration Statement positively described the Company's subscriber growth stating in pertinent part as follows:

> We were founded as a joint venture between Sprint Nextel and the Virgin Group and launched our service nationally in July 2002. As of December 31, 2006, we served approximately 4.57 million customers, which we estimate represented approximately a 15% share of the pay-as-you-go market and a 19.0% increase over the 3.84 million customers we served as of December 31, 2005. As of June 30, 2007, we served approximately 4.83 million customers, which was a 24.8% increase over the 3.87 million customers we served as of June 30, 2006. This was a 5.7% increase over the 4.57 million customers as of December 31, 2006. Historically, we have grown our business organically, but, subject to our existing and future contractual

– 5 –

obligations, we may consider mergers, acquisitions and strategic investments from time to time that enable us to achieve greater scale, cost or technology advantages.

23.    The statements referenced above in ¶¶21 and 22 were inaccurate statements of material fact because they failed to disclose that the Company would report a widening loss for the third quarter of 2007 and that subscriber growth trends were slowing dramatically.

24.    Under applicable SEC rules and regulations governing the preparation of the Registration Statement, the Registration Statement was required to disclose the adverse trends in the Company's business. The Registration Statement failed to contain any such disclosure.

25.    On November 15, 2007, after the close of the market, Virgin Mobile issued a press release announcing its financial results for the third quarter of 2007, the period ending September 30, 2007. For the third quarter, the Company reported a loss of a loss of $7.3 million, or ($0.15) per share, as compared to a loss of only $5.1 million, or ($0.10) per share, in the same period the prior year.

26.    At the time of the filing of this complaint, Virgin Mobile stock was trading for approximately $8.44 per share.

## COUNT I

### Violations of Section 11 of the Securities Act
### Against All Defendants

27.    Plaintiff repeats and realleges each and every allegation contained above.

28.    This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against all defendants.

29.    The Registration Statement for the IPO was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

– 6 –

30.     Virgin Mobile is the registrant for the IPO.  The defendants named herein were responsible for the contents and dissemination of the Registration Statement and the Prospectus.

31.     As issuer of the shares, Virgin Mobile is strictly liable to Plaintiff and the Class for the misstatements and omissions.

32.     None of the defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and the Prospectus were true and without omissions of any material facts and were not misleading.

33.     By reasons of the conduct herein alleged, each defendant violated, and/or controlled a person who violated, Section 11 of the Securities Act.

34.     Plaintiff acquired Virgin Mobile shares pursuant to the Registration Statement.

35.     Plaintiff and the Class have sustained damages.  The value of Virgin Mobile common stock has declined substantially subsequent to and due to defendants' violations.

## COUNT II

### Violations of Section 12(a)(2) of the Securities Act
### Against All Defendants

36.     Plaintiff repeats and realleges each and every allegation contained above.

37.     This Count is brought pursuant to Section 12(a)(2) of the Securities Act on behalf of the Class, against all defendants.

38.     Defendants were sellers and offerors and/or solicitors of purchasers of the shares offered pursuant to the Prospectus.

39.     The Prospectus contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.  Defendants' actions of solicitation included participating in the

preparation of the false and misleading Prospectus and participating in road shows to market the IPO to investors.

40.    Defendants owed to the purchasers of Virgin Mobile common stock, including Plaintiff and other class members, the duty to make a reasonable and diligent investigation of the statements contained in the IPO materials, including the Prospectus contained therein, to ensure that such statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading. Defendants in the exercise of reasonable care should have known of the misstatements and omissions contained in the IPO materials as set forth above.

41.    Plaintiff and other members of the Class purchased or otherwise acquired Virgin Mobile common stock pursuant to and/or traceable to the defective Prospectus. Plaintiff did not know, or in the exercise of reasonable diligence could not have known, of the untruths and omissions contained in the Prospectus.

42.    Plaintiff, individually and representatively, hereby offers to tender to defendants those securities which plaintiff and other Class members continue to own, on behalf of all members of the Class who continue to own such securities, in return for the consideration paid for those securities together with interest thereon. Class members who have sold their Virgin Mobile common stock are entitled to rescissory damages.

43.    By reason of the conduct alleged herein, these defendants violated, and/or controlled a person who violated, §12(a)(2) of the Securities Act. Accordingly, Plaintiff and members of the Class who hold Virgin Mobile common stock purchased in the IPO have the right to rescind and recover the consideration paid for their Virgin Mobile common stock and hereby elect to rescind and

tender their Virgin Mobile common stock to the defendants sued herein. Plaintiff and Class members who have sold their Virgin Mobile common stock are entitled to rescissory damages.

## COUNT III

### Violations of Section 15 of the Securities Act
### Against the Individual Defendants

44.     Plaintiff repeats and realleges each and every allegation contained above.

45.     This Count is brought pursuant to Section 15 of the Securities Act against the Individual Defendants.

46.     The Individual Defendants were control persons of Virgin Mobile by virtue of their positions as directors and senior officers of Virgin Mobile.

47.     The Individual Defendants were culpable participants in the violations of Sections 11 and 12(a)(2) of the Securities Act alleged in Counts I and II above, based on them having signed the Registration Statement and having otherwise participated in the process which allowed the IPO to be successfully completed.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of herself and the Class, prays for judgment as follows:

A.     declaring this action to be a plaintiff class action properly maintained pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

B.     awarding plaintiff and other members of the Class damages together with interest thereon;

C.     with respect to Count II, ordering that the IPO be rescinded;

D.     awarding plaintiff and other members of the Class their costs and expenses of this

litigation, including reasonable attorneys' fees, accountants' fees and experts' fees and other costs

and disbursements; and

E.     awarding plaintiff and other members of the Class such other and further relief as

may be just and proper under the circumstances.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

DATED:  November 26, 2007                    COUGHLIN STOIA GELLER RUDMAN &
                                             ROBBINS LLP
                                             SAMUEL H. RUDMAN
                                             DAVID A. ROSENFELD


                                             SAMUEL H. RUDMAN

                                             58 South Service Road, Suite 200
                                             Melville, NY 11747
                                             Telephone:  631/367-7100
                                             631/367-1173 (fax)

                                             *Attorneys for Plaintiffs*

CERTIFICATION OF NAMED PLAINTIFF
PURSUANT TO FEDERAL SECURITIES LAWS

ELLEN BRODSKY ("Plaintiff") declares:

1.    Plaintiff has reviewed a complaint and authorized its filing.

2.    Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.    Plaintiff has made the following transaction(s) during the Class Period in the securities that are the subject of this action:

**Acquisitions:**

| Date Acquired | Number of Shares Acquired | Acquisition Price Per Share |
|---|---|---|
| 10/12/07 | 1,000 shares | $15.00 |
|  |  |  |
|  |  |  |

**Sales:**

| Date Sold | Number of Shares Sold | Selling Price Per Share |
|---|---|---|
| 10/19/07 | 1,000 shares | $13.10 |
|  |  |  |
|  |  |  |

5.    Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except as detailed below during the three years prior to the date of this Certification:

*Brodsky v. Yahoo! Inc., et al.*, No. CV-07-03125-GPS(RCx) (C.D. Cal.)
*Brodsky v. BigBand Networks, Inc., et al.*, No. C-07-5141-MHP (N.D. Cal.)

VIRGIN MOBILE

6.    The Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _17th_ day of _Nov._, 2007.

_____
ELLEN BRODSKY

- 2 -