UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE VIRGIN MOBILE USA IPO LITIGATION | ) Lead Case No. 1:07-CV-10589 (TPG) <br> ) <br> ) (Securities Class Action) |
| This Document Relates To: <br><br> ALL ACTIONS | ) ECF CASE |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
OF ESPERANZA REYNOLDS AND REZA ZARR FOR
APPOINTMENT OF LEAD PLAINTIFFS AND LEAD COUNSEL**

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ..................................................................................2

II. STATEMENT OF FACTS ..........................................................................................2

III. OVERVIEW OF APPLICABLE LAW .......................................................................4

IV. MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS FOR THE CLASS ............................................................................................................5

    A. Movants' Motion To Serve As Lead Plaintiffs Is Timely ......................................6

    B. Movants are Believed to Have the Largest Financial Interest in the Relief Sought by the Class ............................................................6

    C. Movants Satisfy the Typicality and Adequacy Requirements of Rule 23 ...................................................................................7

        1. Movants' Claims Are Typical Of The Claims Of The Class ............................7

        2. Movants Will Fairly and Adequately Represent the Interests of the Class ....................................................................................................8

V. THE COURT SHOULD APPROVE MOVANTS' CHOICE OF LEAD COUNSEL ........................................................................................................9

VI. CONCLUSION ............................................................................................................9

# TABLE OF AUTHORITIES

## CASES

*Albert Fadem Trust v. Citigroup, Inc.*,
    239 F. Supp. 2d 344 (S.D.N.Y. 2002) .................................................................................. 6

*California Pub. Employees' Ret. Sys. v. The Chubb Corp.*,
    127 F. Supp. 2d 572 (D.N.J. 2001) ..................................................................................... 6

*In re Lernout & Hauspie Sec. Litig.*,
    138 F. Supp. 2d 39 (D. Mass. 2001) ................................................................................ 7, 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................................ 7

*Sofran v. LaBranche & Co.*,
    220 F.R.D. 398 (S.D.N.Y. 2004) ..................................................................................... 7, 8

## STATUTES

15 U.S.C. § 77z-1 ............................................................................................................... *passim*

FED. R. CIV. P. 23 ..................................................................................................................... 7, 8

Esperanza Reynolds and Reza Zarr (collectively, "Movants") respectfully submit this memorandum of law in support of their motion for: (i) appointment as Lead Plaintiffs in the above-captioned action; and (ii) approval of their selection of Lead Counsel for the putative class. Movants purchased the publicly-traded common stock of Virgin Mobile USA, Inc. ("Virgin Mobile" or the "Company") pursuant and/or traceable to the Company's Registration Statement and Prospectus issued in connection with the initial public offering of Virgin Mobile's shares on October 11, 2007 (the "IPO"), and suffered damages as a result of the defendants' violations of the federal securities laws.[1]

There are at least three cases pending in this District that have been consolidated before this Court and one related class action pending in the United States District Court for the District of New Jersey (collectively, the "Actions").[2] A motion to have the Actions transferred to this Court is presently pending before the Judicial Panel on Multi-District Litigation. Because it is unclear to which court the MDL Panel will transfer the Actions, Movants have also filed a motion for appointment of Lead Plaintiff, Lead Counsel and Liaison Counsel in the United States District Court for the District of New Jersey.

---

[1] Movants have submitted certifications setting forth their Virgin Mobile securities transactions. (*See* Exhibit C to the Affidavit of Richard A. Speirs in Support of the Motion of Esperanza Reynolds and Reza Zarr for appointment of Lead Plaintiffs, Lead Counsel and Liaison Counsel (the "Speirs Affidavit" or "Speirs Aff.").) Movants are fully familiar with the facts and allegations in the cases filed in this District.

[2] The action pending in the United States District Court for the District of New Jersey is: *Volpe v. Schulman, et al.*, No.2:07-cv-5619 (SDW)(MCA).

I.     PRELIMINARY STATEMENT

This Court should appoint Movants as Lead Plaintiffs for the class because, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), they are the "most adequate" to serve as Lead Plaintiffs.[3] In fact, Movants satisfy each requirement of the PSLRA for serving as Lead Plaintiffs. Movants believe they have the "largest financial interest" in the relief sought by the class: during the Class Period, Movants suffered losses of $21,570. (Speirs Aff., Exhibit C.) Movants' motion to be appointed Lead Plaintiffs is timely and their claims against Defendants are typical of the claims of the other class members. Finally, Movants' interests are aligned with the interests of the class and they have retained qualified counsel and will vigorously prosecute the Actions.

II.    STATEMENT OF FACTS

Virgin Mobile is a provider of wireless communication services. (¶ 7.)[4] Virgin Mobile has targeted the youth market in the United States with flexible payment plans, including pre-paid, by-the-minute and month-to-month. (*Id*).

On or about October 11, 2007, Virgin Mobile sold 27.5 million shares of its common stock at $15.00 per share in the IPO. (¶ 14.) In connection with the IPO, the Company filed a registration statement and final prospectus with the SEC on or about October 10, 2007 (the "Registration Statement/Prospectus"). In the IPO, the Company sold 25,467,160 shares and the remaining shares were sold by other shareholders. (¶ 14.)

The Registration Statement/Prospectus contained materially false and misleading

---

[3] The requirements for the appointment of a lead plaintiff are contained in Public Law 107-67, 109 Stat. 737, § 15 U.S.C. §§ 77z.

[4] References to "¶" are to the complaint filed in *2 West, Inc. v. Virgin Mobile USA, Inc., et al.*, No. 1:07-cv-11625 (UA) (S.D.N.Y.) on or about December 28, 2007, which is attached to the Speirs Aff., Ex. A.

statements, or omitted to state other facts necessary to make the statements made not misleading. These misstatements and omissions included, among others, that Virgin Mobile has "continued to grow [its] customer base rapidly," (¶ 15), that the Company "enjoys strong brand awareness" (¶ 15), and that there is a "substantial demand" for the Company's services. (¶ 17.)

The Registration Statement/Prospectus also discusses several "risk factors" associated with purchase of the Company's shares. One such risk factor discussed was the fact that the Company *may* experience significant fluctuations in revenues and cash flows. The Registration Statement/Prospectus states:

> We cannot be certain that our MVNO [mobile virtual network operator] business model or any specific products or services will be profitable or competitive in the long-term against larger, facilities-based wireless providers or other MVNOs. We also cannot predict whether our MVNO model will allow us to offer the wireless services that customers may demand in the future. We have experienced, and may continue to experience, significant fluctuations in our revenues and cash flows.

(¶ 16.)

The statements detailed above, and other similar statements contained in the complaint, were materially false and misleading, or omitted to state other facts necessary to make the statements made not misleading, because: (1) the Company had already suffered a larger than expected third quarter loss for the period ended September 30, 2007 (which closed two weeks before the IPO); (2) the Company was experiencing weakening demand for its services at the time of the IPO; (3) the Company's cost structure at the time of the IPO was too high for the Company to operate profitably; and (4) that, as a result of the foregoing, the Registration Statement/Prospectus was false and misleading at

3

all relevant times. (¶ 18.)

On November 15, 2007, approximately one month after the IPO, Virgin Mobile announced earnings for the three month period ended September 30, 2007. The Company reported that its third-quarter loss widened to $7.3 million, compared with a loss of $5.1 million in the year-ago quarter. The Company also reported a pro-forma loss of $.15 cents per share, compared with a loss of $.10 cents per share in the year-ago period. (¶ 20.) These results were much weaker than what investors were lead to believe.

Also on November 15, 2007, Virgin Mobile held a conference call to discuss its third quarter 2007 results. During the call, defendant Schulman, the Company's CEO, stated that "weakening" macroeconomic conditions will impact the Company's net services revenues for the rest of 2007. Schulman further stated that October was weaker than September, but since then the Company's operating results had "stabilized." (¶ 21.) On November 16, 2007, shares of the Company's common stock declined approximately 15% to close at $9.19 per share. (¶ 23.)

### III. OVERVIEW OF APPLICABLE LAW

The PSLRA sets forth a procedure for providing notice to members of the putative class of the pendency of a class action, the claims asserted, and the purported class period. Specifically, the PSLRA provides that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class–
>
> (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and

      (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 77z-1(a)(3)(A)(i); 15 U.S.C.[5]

The PSLRA also sets out the requirements for selection of a lead plaintiff to oversee class actions brought pursuant to the federal securities laws. 15 U.S.C. § 77z-1(a)(3). There is a rebuttable presumption that the "most adequate plaintiff" to serve as lead plaintiff is the person who:

    (aa)    has either filed the complaint or made a motion in response to [aforementioned] notice . . .;

    (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class, and

    (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). As set forth below, Movants satisfy each of the PSLRA's statutory requirements to serve as Lead Plaintiff here.

### IV. MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS FOR THE CLASS

The PSLRA provides guidelines for the appointment of a lead plaintiff in each private action arising under Securities Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. § 77z-1. Because Movants are the "most adequate" plaintiff, as defined by the PSLRA, 15 U.S.C. § 77z-1(a)(3)(B)(iii), they should be appointed as Lead Plaintiffs for the class.

---

[5]    15 U.S.C. § 77z-1 amends the Securities Act of 1933 (the "Securities Act") to adopt the PSLRA's provisions.

5

### A. Movants' Motion To Serve As Lead Plaintiffs Is Timely

As noted, within sixty days after the publication of a notice of a class action, any person or group of persons that is a member of the proposed class may move the Court to be appointed lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A)(i)(II). Here, the earliest notice of a class action regarding Virgin Mobile was published on November 22, 2007. (*See* Speirs Aff., Ex. B.) Movants are members of the proposed class and have timely moved for appointment as Lead Plaintiffs within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 77z-1(a)(3)(A)(i)(II). Movants therefore satisfy the PSLRA's initial requirement.

### B. Movants are Believed to Have the Largest Financial Interest in the Relief Sought by the Class

Pursuant to the PSLRA, this Court should next determine which lead plaintiff applicant has the "largest financial interest" in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Movants believe at this time that they each have the "largest financial interest" in the relief sought by the class. Exhibit C to the Speirs Affidavit fully set forth facts relevant to determine that Movants have the largest financial interest in the relief sought by the class. During the Class Period, Movants suffered losses of $21,570. (*See* Speirs Aff., Exhibit C.) Movants damages were calculated as the difference between the purchase price and the value of the shares when the first action was filed, *see* 15 U.S.C. § 77k(e), which was $8.45 per share on November 21, 2007. Movants believe they satisfy the PSLRA's second requirement to be appointed Lead Plaintiffs. Pursuant to the PSLRA, a movant with the greatest financial interest is in fact *presumptively* the "most adequate" plaintiff to serve as Lead Plaintiff. *See Albert Fadem Trust v. Citigroup, Inc.*,

239 F. Supp. 2d 344, 348 (S.D.N.Y. 2002); *California Pub. Employees' Ret. Sys. v. The Chubb Corp.*, 127 F. Supp. 2d 572, 576 (D.N.J. 2001) ("the most adequate plaintiff under the PSLRA is governed by a rebuttable presumption in favor of the class member with the largest financial interest in the outcome of the litigation").

### C. Movants Satisfy the Typicality and Adequacy Requirements of Rule 23

In addition to meeting the PSLRA's requisites set forth above, a proposed lead plaintiff must also satisfy the requirements of FED. R. CIV. P. 23. *See* 15 U.S.C. § 77z-1 (a)(3)(B)(iii)(I)(cc). FED. R. CIV. P. 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

For purposes of appointing a lead plaintiff, however, a wide-ranging analysis under FED. R. CIV. P. 23 is not appropriate. *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004). Rather, only two requirements—"typicality" and "adequacy" of representation – must be satisfied by the proposed lead plaintiff. *Id.*; *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *In re Lernout & Hauspie Sec. Litig.* 138 F. Supp. 2d 39, 46 (D. Mass. 2001). As discussed below, Movants satisfy both the typicality and adequacy requirements of FED. R. CIV. P. 23(a), further supporting their appointment as Lead Plaintiffs.

#### 1. Movants' Claims Are Typical Of The Claims Of The Class

The typicality requirement in FED. R. CIV. P. 23(a)(3) is met when the lead plaintiff's claims: (i) arise from the same events or course of alleged conduct by the

7

defendants, and (ii) are based upon similar legal theories as the claims of the class members. *See Sofran*, 220 F.R.D. at 402; *In re Lernout & Hauspie*, 138 F. Supp. 2d at 46. The typicality requirement does not require that the lead plaintiff's claims be identical with the claims of the other class members, but rather, only that they share common elements of fact or law. *In re Lernout & Hauspie*, 138 F. Supp. 2d at 46.

Movants satisfy the typicality requirement of FED. R. CIV. P. 23(a). Movants' claims and the class' claims arise from the same course of alleged conduct by Defendants, *i.e.*, Defendants' false and misleading statements and omissions in the Registration Statement/Prospectus concerning the Company's operating results and profitability. Furthermore, Movants and class members assert similar (if not the same) violations of federal securities laws.

    2. <u>Movants Will Fairly and Adequately Represent the Interests of the Class</u>

The PSLRA directs a court, when evaluating the adequacy of a proposed lead plaintiff, to limit its inquiry to the existence of any conflicts between the interests of the proposed lead plaintiff and the members of the class. The primary elements of the adequacy requirements of FED. R. CIV. P. 23(a)(4) are that: (i) the class representatives' interests are not antagonistic to those of the class; and (ii) the class counsel is "qualified, experienced and generally able to conduct the litigation." *Sofran*, 220 F.R.D. at 403; *see also In re Lernout & Hauspie*, 138 F. Supp. 2d at 46.

Movants' interests *are* aligned with — and certainly are not antagonistic to — the interests of the other class members. Movants, like the other class members, are victims of Defendants' alleged fraud. They, like the other class members, were damaged when the truth about Virgin Mobile was disclosed to the investing public. Due to their

significant financial stake, interests and choice of proposed Lead Counsel, it is clear that Movants will vigorously prosecute the claims against Defendants and protect the interests of the class.

## V.   THE COURT SHOULD APPROVE MOVANTS' CHOICE OF LEAD COUNSEL

Pursuant to the PSLRA, the lead plaintiff is permitted, subject to the Court's approval, to select and retain counsel to represent the class. 15 U.S.C. § 77z-1 (a)(3)(B)(v). Movants have selected and retained Zwerling, Schachter & Zwerling, LLP (the "Zwerling Firm") to represent them and the putative class as Lead Counsel. The proposed lead counsel has extensive experience in the area of securities litigation and other complex litigation, and has prosecuted many securities fraud class actions. (*See* Speirs Aff., Ex. D.) The Zwerling Firm has been responsible for successful results on behalf of injured investors in numerous securities class action lawsuits, as well as legal decisions that enable litigation such as this to be successfully prosecuted. (*Id.*)

## VI.   CONCLUSION

For the foregoing reasons, Movants respectfully requests that the Court: (1) grant

Movants' motion to appoint them as Lead Plaintiff; and (2) approve their choice of the Zwerling Firm as Lead Counsel for the putative class.

Dated: New York, New York
      January 22, 2008

                                      Respectfully submitted,

                                      **ZWERLING, SCHACHTER**
                                         **& ZWERLING, LLP**

                               By: s/ Richard A. Speirs
                                   Richard A. Speirs (RS8872)
                                   Kevin M. McGee
                                   41 Madison Avenue
                                   New York, NY 10010
                                   Tel: (212) 223-3900
                                   Fax: (212) 371-5969

                                   ***Attorneys for Movants***

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE VIRGIN MOBILE USA IPO LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | )<br>) Lead Case No. 1:07-CV-10589 (TPG)<br>)<br>) (Securities Class Action)<br>)<br>) ECF CASE<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2008, I electronically filed the foregoing:

- **NOTICE OF MOTION OF ESPERANZA REYNOLDS AND REZA ZARR FOR APPOINTMENT OF LEAD PLAINTIFFS AND LEAD COUNSEL;**

- **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ESPERANZA REYNOLDS AND REZA ZARR FOR APPOINTMENT OF LEAD PLAINTIFFS AND LEAD COUNSEL**

- **AFFIDAVIT OF RICHARD A. SPEIRS IN SUPPORT OF MOTION OF ESPERANZA REYNOLDS AND REZA ZARR FOR APPOINTMENT OF LEAD PLAINTIFFS AND LEAD COUNSEL**

- **[PROPOSED] ORDER APPOINTING LEAD PLAINTIFFS AND LEAD COUNSEL**

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- James Gaal Gamble
  jgamble@stblaw.com
  cevans@stblaw.com

1

- Samuel Howard Rudman
  srduman@csgrr.com
  e_file_ny@csgrr.com

- Evan J. Smith
  esmith@brodsky-smith.com

and by mailing the same in a sealed envelope, with postage paid thereon, in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York, addressed to:

    D. Seamus Kaskela
    Richard A. Maniskas
    Schiffrin Barroway Topaz & Keller, LLP
    280 King of Prussia Road
    Radnor, PA 19087

    Susan L. Saltzstein
    Skadden, Arps, Slate, Meagher & Flom, LLP
    Four Times Square
    New York, NY 10036-6522

January 22, 2008

                                        Respectfully Submitted,

                                        **ZWERLING, SCHACHTER**
                                          **& ZWERLING, LLP**

                                        By:   s/ Richard A. Speirs
                                        Richard A. Speirs (RS8872)
                                        41 Madison Avenue
                                        New York, NY 10010
                                        Tel: (212) 223-3900
                                        Fax: (212) 371-5969

                                        ***Attorneys for Movants***