UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN re VIRGIN MOBILE USA IPO LITIGATION<br><br>This document relates to:<br>ALL ACTIONS | LEAD CASE NO: 2:07-cv-10589-TPG<br><br>(SECURITIES CLASS ACTION) |
| 2 WEST, INC., On Behalf of Itself and All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>VIRGIN MOBILE USA, INC., DANIEL H. SCHULMAN, JOHN D. FEEHAN, JR., LEHMAN BROTHERS, INC., MERRILL LYNCH PIERCE FENNER & SMITH, INC. and BEAR STEARNS & CO., INC.<br><br>　　　　　Defendants. | DOCKET NO.: 1:07-cv-11625-UA |

**THE VOLPE GROUP'S OPPOSITION TO THE MOTION OF ESPERANZA REYNOLDS AND REZA ZARR TO CONSOLIDATE ANY FUTURE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

## I. INTRODUCTION AND BACKGROUND

Pending before this Court are two motions seeking appointment of Lead Plaintiffs: (1) the Volpe Group; and (2) Esperanza Reynolds and Reza Zarr ("Reynolds - Zarr").[1] Under the provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Volpe Group has the largest financial interest in the outcome of this litigation and therefore is presumed to be the Plaintiff most capable of adequately representing the Class. Furthermore, the Volpe Group otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of other investors and it satisfies the adequacy requirements of Rule 23. 15 U.S.C. § 77z-1(a)(3)(B)(iii). Accordingly, the Volpe Group respectfully requests that this Court appoint it as Lead Plaintiff and approve its selection of Carella Byrne Bain Gilfillan Checchi Stewart & Olstein, P.C. ("Carella Byrne") and Kahn Gauthier Swick, LLC ("KGS") as Co-Lead Counsel for the Class.

The Volpe Group suffered $215,124.67 in losses as a result of its members' purchases of shares of Virgin Mobile USA, Inc. ("Virgin Mobile" or the "Company") common stock pursuant or traceable to the Company's October 11, 2007 Initial Public Offering. The Volpe Group's members are ready, willing and able to serve as Lead Plaintiff and to vigorously prosecute this action on behalf of all Virgin Mobile investors. Each member of the Volpe Group suffered a substantial loss due to the Defendants' misconduct and are highly motivated to pursue this matter as efficiently and effectively as possible.

---

[1] On February 4, 2008, movants the Volpe Group and Reynolds-Zarr filed memoranda in opposition to the initial motions for Lead Plaintiff in the action titled *In re Virgin Mobile USA IPO Litigation*, 2:07-cv-05619-SDW-MCA, pending in the U.S. District Court for the District of New Jersey. In their memorandum, Reynolds-Zarr admits that they do not possess the greatest financial interest in the litigation, and further state that they take no position as to the adequacy of the Volpe Group to serve as Lead Plaintiff in this action (*See* Exhibit A).

In comparison, Reynolds - Zarr collectively have allegedly suffered losses of only $21,570, nearly $194,000 less than the Volpe Group, and smaller than the losses of any individual member of the Volpe Group.

## II. ARGUMENT

When determining who should serve as Lead Plaintiff in a securities class action governed by the PSLRA, the district court must decide whether a movant satisfies the procedural requirements of the PSLRA, and the Court must appoint the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 77z-1(a)(3)(B)(i). The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *See also In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004); *Levine v. AtriCure, Inc.*, 508 F. Supp. 2d 268, 276-77 (S.D.N.Y. 2007).

### A. The PSLRA Presumes that the Volpe Group is "The Most Adequate Plaintiff"

#### 1. The Volpe Group Has the Largest Financial Interest

According to 15 U.S.C. § 77z-1(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *Lee v. Axonyx, Inc., et al.*, No. 7:05-cv-2307, slip. Op., at pg. 8 (S.D.N.Y. Jan. 27, 2006) (Griesa, J.) (appointing movant with the largest financial interest). Courts in the Second Circuit have found that in determining the largest financial interest, most courts simply determine which potential lead plaintiff has suffered the greatest losses. *See*; *Strougo* v. *Brantley Capital Corp.*, 243 F.R.D. 100, 104 (S.D.N.Y. 2007); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06 CV 1825, 2007 U.S.

Dist. LEXIS 14878, at *3 (E.D.N.Y. Mar. 2, 2007); *Kaplan* v. *Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007). The PSLRA identifies the plaintiff with the "largest financial interest" as the presumptive lead plaintiff. *In re Bausch & Lomb Inc. Sec. Litig.,* 244 F.R.D. 169, 172 (W.D.N.Y. 2007); "The Court must presume that the most adequate plaintiff is the person with the largest financial interest in the relief sought by the class, so long as that person otherwise satisfies the requirements of Federal Rule of Civil Procedure 23." *Fishbury, Ltd. v. Connetics Corp.*, 2006 U.S. Dist. LEXIS 90696, *7 (S.D.N.Y. December 14, 2006); *See also* 141 Cong. Rec. S17933-97, at S17956 (December 5, 1995).

The Volpe Group, with losses of $215,124.67, has the "largest financial interest in the relief sought by the Class" among those seeking appointment as Lead Plaintiff. Indeed, the Volpe Group's losses are nearly $194,000 greater than those of Reynolds - Zarr, who claim losses of merely $21,570. Furthermore, each member of the Volpe Group individually sustained losses greater than the collective loss of Reynolds - Zarr. The chart below illustrates that the Volpe Group, whether viewed individually or as a group, overwhelmingly has the largest financial interest in this litigation.

| VOLPE GROUP | Shares Purchased During Class Period | Total Net Funds Expended During Class Period | Total Loss |
|---|---|---|---|
| Aaron Cheng | 8,400 | $86,840.00 | $32,440.00 |
| Zhao Li | 4,000 | $65,140.00 | $23,104.00 |
| John Mekari | 5,000 | $78,280.00 | $36,030.00 |
| Michael Volpe | 7,111 | $111,017.00 | $50,927.67 |
| Alan Whiting | 41,000 | $72,621.00 | $72,621.00 |
| TOTAL | 65,511 | $413,898.00 | $215,124.67 |

| REYNOLDS - ZARR | Shares Purchased During Class Period | Total Net Funds Expended During Class Period | Total Loss |
|---|---|---|---|
| Esperanza Reynolds | 2,000 | $31,325.90 | Undisclosed |
| Reza Zarr | 1,000 | $15,600.00 | Undisclosed |
| TOTAL | 3,000 | $46,925.90 | $21,570.00 |

Because the PSLRA provides unambiguously that the person or group of persons with the greatest financial interest in the litigation is the most adequate plaintiff to lead the litigation, the Court should reject the Reynolds - Zarr motion and appoint the Volpe Group, which is presumptively the "most adequate plaintiff." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

### 2. The Volpe Group Satisfies the Requirements of Rule 23

The Volpe Group has made a *prima facie* showing that its claims are typical of those made by other investors in Virgin Mobile and that it will adequately represent the interests of the Class under Rule 23. Courts in the Second Circuit have clearly stated that in the context of a motion seeking appointment as Lead Plaintiff the inquiry of whether a Lead Plaintiff satisfies Rule 23 shall focus on the "typicality" and "adequacy" aspects of that rule. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004); "Consequently, in deciding a motion to serve as lead plaintiff, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." *Id.*; *see also Corwin v. Seizinger*, No. 07 Civ. 6728 (DC), 2008 U.S. Dist. LEXIS 3045, at *2 (S.D.N.Y. January 8, 2008). The typicality requirement is satisfied if "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir. 1992). Here, the Volpe Group purchased Virgin Mobile

stock pursuant or traceable to the Company's Initial Public Offering, paid stock prices that it alleges were artificially inflated by Defendants' wrongful conduct and alleges that its members were damaged by that conduct. Thus, the Volpe Group's claims are typical of the class.

In order to satisfy the adequacy requirement, the Lead Plaintiff must be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Thus, "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation." *Pirelli*, 229 F.R.D. at 412-13. Additionally, "the lead plaintiff should have a sufficient interest in the outcome to ensure vigorous advocacy." *Id.* at 413. Here, the Volpe Group's interests in prosecuting this case are identical to those of other Class Members. The Volpe Group seeks to recover against the Defendants for permitting false or misleading statements to be included in Virgin Mobile's Registration Statement and Prospectus. In addition, the Volpe Group has selected highly experienced counsel who stand ready to serve the best interests of the Class. Indeed, Carella Byrne and KGS have extensive experience in securities litigation and significant resources to dedicate to this case. Accordingly, the Volpe Group satisfies the requirements of Rule 23.

### III. CONCLUSION

For all of the foregoing reasons, and the reasons set forth in its opening motion, memorandum and all supporting papers, the Volpe Group respectfully requests that this Court: (1) consolidate all future related actions; (2) appoint the Volpe Group to serve as Lead Plaintiff in this action; and (3) approve the Volpe Group's selection of Co-Lead Counsel for the Class.

Dated: February 8, 2008                     Respectfully submitted,

                                                          KAHN GAUTHIER SWICK, LLC

                                                          By: /s/ Kim E. Miller
Kim E. Miller (KM-6996)
12 East 41st Street, 12th Floor
New York, NY 10017
Telephone:   (212) 696-3730
Facsimile:   (504) 455-1498

And

KAHN GAUTHIER SWICK, LLC
Lewis S. Kahn
650 Poydras St., Suite 2150
New Orleans, Louisiana 70130
Telephone (504) 455-1400
Facsimile: (504) 455-1498

*Counsel for the Volpe Group and Proposed Co-Lead Counsel for the Class*


CARELLA BYRNE BAIN GILFILLAN CECCHI STEWART & OLSTEIN, PC
James E. Cecchi
5 Becker Farm Road
Roseland, New Jersey  07068
Telephone:  (973) 994-1700
Facsimile:  (973) 994-1744

*Counsel for the Volpe Group and Proposed Co-Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

      I hereby certify that this Memorandum was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on February 8, 2008.

                                                    /s/ Kim E. Miller
                                                    Kim E. Miller

**KEEFE BARTELS**
John E. Keefe, Jr.
830 Broad Street
Shrewsbury, NJ 07702
Telephone: (732) 224-9400
Facsimile: (732-224-9494
Email: jkeefe@keefebartels.com


**ZWERLING, SCHACHTER &
ZWERLING, LLP**
Richard A. Speirs
Kevin M. McGee
41 Madison Avenue
New York, NY 10010
Telephone: (212) 223-3900
Facsimile: (212) 371-5969
Email: rspeirs@zsz.com
      kmcghee@zsz.com

*Attorneys for Movants Esperanza Reynolds and Reza Zarr*

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE VIRGIN MOBILE USA IPO LITIGATION | ) Lead Case 07-CV-5619 (SDW) ) ) (Securities Class Action) ) |
| This Document Relates To: ALL ACTIONS | ) District Judge Susan D. Wigenton ) ) Magistrate Judge Madeline C. Arleo ) ) Motion Date: February 19, 2008 |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF
ESPERANZA REYNOLDS AND REZA ZARR FOR APPOINTMENT
OF LEAD PLAINTIFFS, LEAD COUNSEL AND LIAISON COUNSEL**

Esperanza Reynolds and Reza Zarr (collectively, "Movants") respectfully submit this memorandum of law in further support of their motion for: (i) appointment as Lead Plaintiffs in the Actions; and (ii) approval of their selection of Zwerling, Schachter & Zwerling, LLP as Lead Counsel and Lynch Keefe & Bartels as Liaison Counsel for the putative class. Movants purchased Virgin Mobile USA, Inc. ("Virgin Mobile" or the "Company") securities during Class Period and suffered damages of approximately $21,570 as a result of the Defendants' alleged violations of the federal securities laws.

Currently before this Court are two motions to be appointed Lead Plaintiff. The Volpe Group has claimed losses greater than the losses suffered by Movants. As this Court is well aware, the Private Securities Litigation Reform Act of 1995 requires a court to appoint as the lead plaintiff the movant with the largest recognized loss who also satisfies the typicality and adequacy requirements of F.R.C.P. 23.

Movants take no position with respect to the adequacy of the Volpe Group, and only wish to reaffirm that Movants satisfy the typicality and adequacy requirements of F.R.C.P. 23, remain highly motivated to prosecute this action and are prepared to serve as Lead Plaintiffs if necessary.

## CONCLUSION

For the foregoing reasons, if the Court finds that the Volpe Group are not adequate lead plaintiffs, then Movants respectfully request that they be appointed lead plaintiffs to represent the interests of the class and that the Court approve their choice of Lead and Liaison Counsel.

Dated: February 5, 2008

                                    Respectfully submitted,

                                    By: <u>s/ John E. Keefe, Jr.</u>
**KEEFE BARTELS**
John E. Keefe, Jr.
830 Broad Street
Shrewsbury, NJ 07702
Telephone: (732) 224-9400
Facsimile: (732-224-9494

**ZWERLING, SCHACHTER &
ZWERLING, LLP**
Richard A. Speirs
Kevin M. McGee
41 Madison Avenue
New York, NY 10010
Telephone: (212) 223-3900
Facsimile: (212) 371-5969

*Attorneys for Movants*